IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                                                            15-CR-6106-CJS

CHRISTIAN NARTEY,

              Defendant.

## STATEMENT OF THE GOVERNMENT WITH RESPECT TO SENTENCING FACTORS

**PLEASE TAKE NOTICE**, the government has fully reviewed the Pre-Sentence Investigation Report ("PSR") submitted by the United States Probation Department on or about March 17, 2016.  The plea agreement differs from the Sentencing Guideline calculation in the Presentence Report in that the PSR determined that a two (2) level decrease pursuant to §3B1.2(b) be applied for the defendant's minor role in the conspiracy.  As such, the PSR determined the defendant's recommended guideline range to be **140-175**, while the plea agreement calculated the guideline range to be 168-210. After speaking with U.S Probation Officer Specialist David B. Spogen regarding the discrepancy, the government has no objections to the findings in the PSR.

On September 22, 2015, the defendant entered a plea of guilty to a violation of Title 18, United States Code, Section 1594(c) (Conspiracy to Commit Sex Trafficking of a Minor). Based upon his plea, Mr. Nartey faces a maximum possible sentence of life imprisonment, a

maximum fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of five (5) years to life.  Although the defendant has reserved the right to argue for a non-guideline sentence, the government requests the court impose a sentence within the guideline range calculated in the PSR, **140-175** months.

The defendant is required to pay a $100 special assessment pursuant to 18 U.S.C. §3013 at the time of sentencing.  Immediately after sentencing, the defendant must pay the amount due by personal check, cashier's check or certified funds to the United States District Court Clerk.

It is requested that the Court order that all financial obligations be due immediately. In the event the defendant lacks the ability to immediately pay the financial obligations in full, it is requested that the Court set a schedule for payment of the obligations.

In the event present counsel for the defendant will continue to represent the defendant after sentencing in regard to the collection of unpaid financial obligation(s), it is requested that a letter so advising be sent to:

>      Asset Forfeiture/Financial Litigation Unit
>      U.S. Attorney's Office--WDNY
>      138 Delaware Avenue
>      Buffalo, New York 14202

If a letter is not received within 10 days of sentencing, the defendant will be directly contacted regarding collection of the financial obligation(s).

DATED:     March 22, 2016

                                      Respectfully submitted,

                                      William J. Hochul, Jr.
                                      United States Attorney
                                      Western District of New York


                           By:    s/Melissa M. Marangola
                                  Melissa M. Marangola
                                  Assistant U.S. Attorney
                                  United States Attorney's Office
                                  100 State Street, Room 500
                                  Rochester, New York 14614
                                  585-399-3925


TO:    Hon. Charles J. Siragusa
          Michael Schiano, Esq.
          Dave Spogen, USPO (via hand delivery)